|,DENNIS R. BAGNERIS, SR, Judge.
This case has already been before this court previously in 2000-CA-0068[1], and the court held:
The plaintiff filed a claim for permanent partial disability of his left arm on June 17, 1999. On August 18, 1999, the defendants filed exceptions of prescription and no cause of action. At the hearing on the exception of prescription, the trial court refused to allow the plaintiff to introduce evidence and maintained the defendants’ exception of prescription, dismissing the plaintiffs claim with prejudice. We reverse and remand to allow the trial court to consider evidence on the issue of prescription.

FACTS AND PROCEDURAL HISTORY

On September 30, 1997, the plaintiff, Wayne Mixon, sustained a burn to his left arm while in the course and scope of his employment with Cembell Industries, Inc. (“Cembell”), when he touched a hot I-beam with his left forearm and struck his elbow on a pipe handrail. The defendant paid for all of the plaintiffs medical treatment, and the plaintiff returned to work on October 7, 1997 after having skin graft surgery.
Because Mr. Mixon’s first skin graft surgery was unsuccessful, he underwent a second skin graft surgery on December 9, 1997. Mr. Mixon returned to work on December 13, 1997[2]. Mr. Mix-on missed 3 or 4 days of work after the second surgery and Cembell continued to pay the plaintiffs full salary during this time. The plaintiff never received any temporary total disability benefits.
On June 17, 1999, the plaintiff filed a claim seeking benefits for permanent *662 partial disability of his left arm. The defendants filed exceptions of prescription and no cause of action on August 18, 1999. The hearing on the exception of prescription was held on October 29, 1999, and the trial judge found for the defendants, maintaining their exception of prescription. At the hearing on the exception, the plaintiff attempted to introduce evidence to prove that his claim had not prescribed, but the trial judge disallowed introduction of the evidence. The plaintiff proffered the evidence and now appeals the trial judge’s dismissal of his claim with prejudice.

\ .DISCUSSION

In his first assignment of error, the plaintiff argues that the trial court erred in not allowing evidence to be introduced at the hearing on the exception of prescription. At the hearing, the defendants objected to the introduction of evidence, arguing that there is no legal provision for introducing evidence at the oral argument of a motion.
Under section 23:1209 of the Louisiana Revised Statutes, the prescriptive period for a worker’s compensation claim is one year after the date of injury. When a plaintiff asserts a claim that is prescribed on its face, that plaintiff is obligated to introduce evidence to prove that his claim is not prescribed. See La.Code Civ. Proc. Ann. art. 931; Cook v. Con-Trux Constr. Co., 499 So.2d 169, 173 (La.App. 2 Cir.1986); Kerr v. Jefferson Truck Lines, 389 So.2d 729, 730-31 (La.App. 4 Cir.1980).
Mr. Mixon’s injury occurred on September 30, 1997, and he filed his claim on June 17, 1999, nearly two years after he was injured. Although the plaintiff argues that his injury is a developmental injury that is entitled to a longer prescriptive period, his claim does not clearly allege that his injury is developmental. His claim was clearly prescribed on its face. Because his claim was facially prescribed, the plaintiff was obligated to introduce evidence to prove that his claim was timely. Therefore, the trial judge erred in disallowing the introduction of Mr. Mixon’s evidence.
In his second and third assignments of error, the plaintiff argues that the trial court erred in maintaining the defendant’s exception of prescription because the defendant did not meet its burden of proof and because the plaintiffs proffered evidence proves that the claim is not prescribed. To support these arguments, the plaintiff asserts that the defendant bears the burden of proving that Mr. Mixon’s claim is prescribed. Generally, the party raising the exception of prescription bears the burden of proof unless the claim is facially prescribed, in which case the plaintiff bears the burden of proving that the claim is not prescribed. See Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992). Because Mr. Mixon’s claim is facially prescribed, Mr. Mixon has the burden of proving that his claim is timely. To satisfy his burden of proof, Mr. Mixon attempted to introduce evidence at the hearing on the exception of prescription, but the trial judge erroneously disallowed the plaintiffs evidence.

DECREE

For the foregoing reasons, we reverse the trial court’s judgment maintaining the defendant’s exception of prescription andLdismissing the plaintiffs claim with prejudice; and, we remand this case to the trial court for consideration of evidence on the issue of prescription.
After the case was remanded, the trial court held a hearing June 15, 2001, and accepted evidence. At the hearing, coun *663 sel for plaintiff represented that the plaintiff was initially treated by Dr. Edward Campbell, plastic surgeon, who performed one skin graft October 21, 1997, and then another skin graft December 9, 1997, after the first was not successful. Counsel proffered a report by Dr. Stuart Phillips, orthopedist, dated February 21, 1999, now a part of the record, which showed that he examined the plaintiff February 18, 1999, but needed more records to make an impairment determination. Phillips examined the plaintiff on July 29, 1999, notably after the claim was filed, and found him to have a 26% loss of function of the left extremity. Also placed into the record was an earlier impairment rating by Campbell, on September 15, 1998, which put the left arm impairment at 23% and total body impairment at 14%; and a report of a follow-up visit on January 8,1999, which reflected the same conclusion. An opinion of Dr. J. Lee Moss dated October 14, 1999, also placed into the record, said that the plaintiff had improved and that the plaintiff suffered a permanent partial impairment of 14%, which translates into a 7% impairment to the body as a whole.
The trial court maintained the exception September 24, 2001; and this appeal was timely taken November 14, 2001.
The plaintiff argues that the trial court erred because the plaintiff was not aware that his impairment was greater than 25%, as required by La. 23:1221, until the diagnosis by Phillips, which, again, notably, was after he filed his claim. As such, he argues his claim did not arise Luntil then. He argues that his injury was developmental in nature such that the two year prescriptive period provided by La. R.S. 23:1209 applies.
The plaintiff has produced no evidence to show that his injury was developmental. The only evidence he presented proved that there was a difference in opinion between doctors. The doctor who estimated the disability at 26%, Phillips, did not do so until after the claim was filed, and in fact never treated the plaintiff. Perhaps even more importantly, the report by Moss showed that the defendant’s condition is not worsening; it is in fact improving. The one year prescriptive period applied.
The plaintiff argues he should be allowed to amend his petition. Amending the petition will accomplish nothing; the plaintiff is unable to produce evidence to overcome the exception of prescription. Accordingly, the ruling of the trial court is affirmed.

AFFIRMED.

. The case was not published.

. Based on a review of the record, the plaintiff stated that he returned to work on either December 13 or 14, 1997.