CHARLES R. JONES, Judge.
Lin this medical malpractice action, the Relators, Touro Infirmary and Dr. Christy DeGrange seek review of the denial of their peremptory exception of prescription. For the reasons stated herein, the writ application is hereby GRANTED.
*610 Respondents, Elmiko Tillery, Jessie Pollard, Eldridge Pollard, Ezimbalist Pollard, William Primus, Jr., and Evada Primus filed a request for a medical review panel on April 21, 2004, naming as defendants Touro and Dr. DeGrange, and a second physician, “Dr. Hill.” Respondents alleged that the physicians failed to timely diagnose cancer in their mother, JoAnn Pri-mus, who died on April 20, 2003, and that the Touro staff failed to make timely observations and report findings, which acts, neglects and/or omissions reduced Ms. Pri-mus’ chances of survival.
Touro and Dr. DeGrange filed their exception of prescription on February 1, 2005. The matter came for hearing on February 25, 2005. A written judgment denying the exception was signed on March 14, 2003, with the trial court stating that the exception was premature because the date of discovery of the alleged malpractice had not been established.
| ^Relators, Touro and DeGrange, filed a notice of intent on March 22, 2005, and on April 12, 2005. This timely writ application followed.
DISCUSSION
La. R.S. 9:5628 provides for the prescriptive period for medical malpractice actions, and states in pertinent part:
A. No action for damages for injury or death against any physician, ... hospital ..., whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect;....
The Respondents’ complaint was pending before a medical review panel. A health care provider may raise an exception of prescription during the medical review panel stage of a medical malpractice proceeding. Perritt v. Dona, 2002-2601, p. 15 (La.7/2/03), 849 So.2d 56, 66 (citing La. R.S. 40:1299.47(B)(2)(a)).[1]
Ordinarily, the exceptor bears the burden of proof on trial of the peremptory exception, including the objection of prescription. SS v. State, Dept. of Social Services, 2002-0831, pp. 6-7 (La.12/4/02), 831 So.2d 926, 931; see also Mixon v. Cembell Industries, Inc., 2002-0804, p. 2 (La.App. 4 Cir. 9/18/02), 828 So.2d 660, 662. It is only where a petition reveals on its face that prescription has run that the burden shifts to the plaintiff to show that his action has not prescribed. SS v. State, 2002-0831, p. 7, 831 So.2d at 931; Mixon, 2002-0804, p. 2, 828 So.2d at 662. The burden remains with the movant where the plaintiffs pleadings make “a prima facie showing” that the suit was filed within the delays set forth in La. R.S. 9:5628. Campo v. Correa, 2001-2707, pp. 9-10 (La.6/21/02), 828 So.2d 502, 509.
|,In the case sub judice, the Rela-tors argue that the Respondents’ letter to the Commissioner of Administration requesting a medical review panel is the equivalent of a malpractice plaintiffs petition for purposes of allocating the burden of proof on an exception of prescription. All that Respondents’ letter states is that Ms. Primus died on April 20, 2003; that the physician-defendants failed to diagnose Ms. Primus’s cancer in a timely manner, thus reducing her chances of survival; and that staff members at defendant Touro *611 Hospital failed to timely make and report observations and findings, reducing Ms. Primus’s chances of survival. The letter was dated April 21, 2004.
La. C.C.P. art. 5059 provides for computation of time allowed or prescribed by law. Under that article the date of the alleged negligence is not to be included, but the last day is, unless it is a legal holiday. In the instant case April 20, 2003, the date of Ms. Primus’ death, would have been the last date of any alleged act, omission or neglect constituting medical malpractice. Thus, the normal one-year prescriptive/peremptive period of La. R.S. 9:5628 would have lapsed on April 20, 2004. While April 20, 2003 happened to be an Easter Sunday, that has no effect upon prescription, since the date of the act is never included within the prescriptive period. April 20, 2004 was a Tuesday; it was not a holiday, and thus was included in the calculation of the prescriptive period. Therefore, on the face of plaintiffs’ letter requesting a medical review panel, plaintiffs’ action had prescribed — on April 20, 2004. Moreover, we agree with the Rela-tors’ position that the allegations of the letter serve to allocate the burden of proof on an exception of prescription, as a petition would; thus, the burden on the Rela-tors’ exception of prescription would have been on the Respondents’ to show that their claims had not prescribed.
I/The district court denied the Relators’ exception on the ground that the exception was “premature because the date that the plaintiffs discovered the alleged malpractice has not been established.” Thus, it is apparent that the Respondents did not prove that their claims had not prescribed by showing that they discovered the malpractice no earlier than April 21, 2003.
Although the jurisprudence does not specifically address the issue of whether allegations in a medical malpractice plaintiffs letter requesting a medical review panel are to be considered the equivalent of the factual allegations in a malpractice plaintiffs petition for purposes of allocating the burden of proof as to a medical malpractice defendant’s exception of prescription, we find that since the amendment to La. R.S. 40:1299.47 setting forth specific requirements for the contents of requests for medical review panels, these requests now require as much specificity as a petition. Thus, we agree that the burden-shifting jurisprudence discussed herein should apply to a request for a medical review panel.
Prior to August 15, 2003, there were no specific requirements set forth in La. R.S. 40:1299.47 for the content of requests for medical review panels. By Acts 2003, No. 961, La. R.S. 40:1299.47(A)(1) was amended to add the following requirements for requests for medical review panels:
(b) A request for review of a malpractice claim or a malpractice complaint shall contain, at a minimum, all of the following:
(i) A request for the formation of a medical review panel.
(ii) The name of the patient.
(iii) The names of the claimants.
(iv) The names of the defendant health care providers.
|s(v) The dates of the alleged malpractice.
(vi) A brief description of the alleged malpractice as to each named defendant health care provider.
(vii) A brief description of the alleged injuries.
This amendment took effect on August 15, 2003. The amendment was remedial in nature, and certainly applied eight months later on April 21, 2004 when counsel for plaintiffs mailed the request for a medical review panel. These amendments now re *612 quire as much specificity as a petition. See La. C.C.P. art. 891. Therefore, there does not appear to be any reason why the burden-shifting jurisprudence discussed herein should not apply to a request for a medical review panel.
Therefore, we find that the district court erred in denying the Relators’ Exception of Prescription because the Respondents failed to allege in their request for a medical review panel facts that they discovered the malpractice no earlier than April 21, 2008, their claims had prescribed on the face of their request, and thus the burden was shifted to them to show that their claims had not prescribed.
Accordingly, for the reasons stated herein, the writ application of the Relators is Granted. The judgment of the district court denying the Relators’ Exception of Prescription was improper and is hereby reversed.
REVERSED.

. La. R.S. 40:1299.47(B)(2)(a) states:
A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.