MICHAEL E. KIRBY, Judge.
11Plaintiff, Elizabeth Bosworth (“Ms. Bosworth”), and defendants, Norman Mop-sik, individually, Norman Mopsik, A.P.L.C. (“Mopsik”), and Mopsik’s professional liability insurer, Continental Casualty Company (collectively “appellants”), jointly appeal the September 12, 2007 judgment granting an exception of prescription in favor of defendants/appellees, Alpha Mutual, L.L.C., Jean Lafitte Enterprises, L.L.C., Turnkey Realty Corporation, Diane G. Crump, Henry I. Robards, Sr., and Henry I. Robards, Architect, A Professional Corporation. For the reasons that follow, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:

On April 16, 2001, Ms. Bosworth was injured in a trip and fall at her place of employment with the Louisiana Office of Community Service/Department of Social Services in Chalmette, Louisiana. Shortly after the accident, Ms. Bosworth began receiving voluntary compensation benefits from her employer. Medical |-¿benefits continued until September 4, 2001, and wage benefits were paid through June 21, 2001.
On April 11, 2003, Ms. Bosworth filed a tort action against defendants/appellees arising out of her workplace accident.[1] In the same action, Ms. Bosworth alleged the legal malpractice of Mopsik, her previous attorney, for failing to file the tort suit within the one year prescriptive period.
*875 Defendants/appellees filed exceptions of prescription, asserting that the tort action was prescribed on its face. Ms. Bosworth and Mopsik opposed the exception, arguing that the prescriptive period for the tort suit was interrupted by the timely filing of a 1008 Claim Form with the Office of Workers’ Compensation (“OWC”). Defendants/appellees counter that Ms. Bos-worth’s workers’ compensation claim was not timely filed.
La. R.S. 23:1209 B provides that the filing of a workers’ compensation claim shall be deemed timely when the claim is mailed on or before the prescription date of the claim. Mopsik maintains that he timely mailed the claim to the OWC in Baton Rouge on April 12, 2002, within one year of Ms. Bosworth’s April 16, 2001 accident. Defendants/appellees submit that the evidence shows the claim was not mailed to Baton Rouge on April 12, 2002, but was hand-delivered to the OWC in New Orleans on April 18, 2002, two days late.
Prior to the rendering of the judgment herein, the trial court twice refused to grant the exception of prescription. On April 28, 2004, the exception of [^prescription was referred to the merits.[2] On March 21, 2005, the trial court denied the exception of prescription, finding: “the testimony of Mr. Mopsik to be credible and trustworthy to establish the claim form was timely mailed within the prescriptive period.”[3]
Following the first two rulings on the exception of prescription, defendants/ap-pellees deposed OWC administrative employees, Audrey Scott (“Ms. Scott”) and Christine Melford (“Ms. Melford”) to determine the exact date and method of the filing of Ms. Bosworth’s workers’ compensation claim. The exception of prescription was then re-urged, and the matter was brought before the trial court for a third time on September 7, 2007.[4] Based on the deposition testimony, the trial court determined that the workers’ compensation claim was not timely filed. Judgment was rendered on September 12, 2007, granting the exception of prescription in favor of defendants/appellees. Appellants’ motion for new trial was denied on November 6, 2007. This devolutive appeal followed.

DISCUSSION:

Appellants assert that the trial court erred in granting the exception of prescription based upon the finding that Ms. Bosworth’s workers’ compensation |,|Claim was not timely filed. Appellants further argue that the trial court erred in denying the motion for new trial.

Exception of Prescription:

Ordinarily, the exceptor bears the burden of proof on trial of the peremptory exception, including the objection of prescription. SS v. State, Dept. of Social Services, 2002-0831, pp. 6-7 (La.12/4/02), 831 So.2d 926, 931; see also Primus v. Touro Infirmary, 2005-0062, p. 2 (La.App. 4 Cir. 1/25/06), 925 So.2d 609, 610. It is *876 only where a petition reveals on its face that prescription has run that the burden shifts to the plaintiff to show that his action has not prescribed. SS v. State, 2002-0831, p. 7, 831 So.2d at 931; Primus, 2005-0662, p. 2, 925 So.2d at 610.
Ms. Bosworth’s tort action is clearly prescribed on its face. Therefore, the burden shifted to Ms. Bosworth to prove that the prescriptive period had been interrupted.
Prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. It is well settled law in Louisiana that a timely filed workers’ compensation claim interrupts prescription on any tort claim that the worker might have against a third party for the same accident. Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383 (La.1993).
The issue to be resolved in the present case is whether Ms. Bosworth’s workers’ compensation claim was timely filed. It is evident from the record that |sthe trial court relied on the deposition testimony of the two OWC employees to determine that the claim was not timely filed. The depositions of Ms. Scott, a supervisor in the Baton Rouge Office, and Ms. Melford, a dispute resolution specialist in the New Orleans Office, were taken on March 13, 2007. Although neither employee personally handled Ms. Bosworth’s claim at the time it was filed, Ms. Scott and Ms. Mel-ford testified to the practices and procedures of their respective offices.
After reviewing documents from Ms. Bosworth’s file, Ms. Scott and Ms. Melford each testified that the claim was filed in the New Orleans Office on August 18, 2002. They further testified that there is no indication from the record that the claim was ever received by the Baton Rouge Office.
Ms. Scott and Ms. Melford explained that if Ms. Bosworth’s claim had first been mailed to the Baton Rouge Office (District 5), as Mopsik contends, it would have a District 5 stamp showing the date and time received by that office. Moreover, if the claim was then forwarded to the New Orleans Office (District 8), it would receive a second stamp showing the date and time received by District 8. Ms. Boswoth’s claim form reflects only one stamp showing receipt by the New Orleans Office on August 18, 2002 at 10:56 a.m.
Ms. Scott and Ms. Melford further testified that a computer entry is generated for every workers’ compensation claim received. They explained that if Ms. Bos-worth’s claim had been received in Baton Rouge and forwarded to New | ^Orleans, there would be a computer entry from both offices. The record in this case shows only a computer entry from the New Orleans Office.
Finally, the computer entry for Ms. Bos-worth’s case reflects the postmark date as April 18, 2002, the same date on which the claim form was stamped as received by the New Orleans Office. Ms. Melford testified that this shows the claim form was hand delivered, not mailed.
Mr. Mopsik claims he personally mailed Ms. Bosworth’s workers’ compensation claim form to Baton Rouge on April 12, 2002. However, other than a cover letter dated April 12, 2002, Mr. Mopsik presented no evidence of such mailing. It is also evident from the record that no evidence was submitted to refute the testimony of Ms. Scott and Ms. Melford.
The evidence contained in the record clearly demonstrates that Ms. Bos-worth’s workers’ compensation claim was not mailed to the Baton Rouge Office on April 12, 2002, but was hand delivered to the New Orleans Office on April 18, 2002. *877 Accordingly, the trial court did not err in granting the exception of prescription based on the finding that Ms. Bosworth’s-workers’ compensation claim was not timely filed.
The trial court also rejected appellants’ argument that the voluntary payment of workers’ compensation benefits to Ms. Bosworth interrupted prescription on her tort action. We agree with this finding. As the trial court correctly explained, it is well established law that voluntary payments of workers’ compensation benefits do not interrupt prescription "with regard to a worker’s claim against a third-party 17tortfeasor. Gary v. Camden Fire Insurance Company, 96-0055 (La.7/2/96), 676 So.2d 553, 556; Migliori v. Willows Apartments, 99-2784, 99-2799 (La.App. 4 Cir. 5/31/00), 765 So.2d 435, 437.

Motion for New Trial:

Finally, appellants submit that the trial court erred in denying the motion for new trial. Appellants argue that the judgment is contrary to the law and evidence because the trial court relied on the deposition testimony of two witnesses that lacked firsthand knowledge of the facts of this case.
La. C.C.P. art 1972 states that a new trial shall be granted “[wjhen the verdict or judgment appears clearly contrary to the law and the evidence.” La. C.C.P. art.1973 provides that a “new trial may be granted in any case if there is good ground therefore, except as otherwise provided by law.” The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion. Campbell v. Tork, Inc., 2003-1341 (La.2/20/04), 870 So.2d 968, 971.
After reviewing the record, we find no abuse of discretion in the trial court’s denial of the motion for new trial. Ms. Scott and Ms. Melford did not personally handle the intake of Ms. Bosworth’s claim. However, they did have first hand knowledge of the policies and procedures of the OWC. Furthermore, their undisputed testimony clearly established that Ms. Bos-worth’s claim was first filed in the New Orleans Office on August 18, 2002.
IsFor the foregoing reasons, the trial court’s judgment granting an exception of prescription in favor of defendants/appel-lees is affirmed.
AFFIRMED.

. Defendants/appellees die owners, and/or insurers, contractors, and architects of the premises where the alleged trip and fall occurred.

. Writs taken from the April 28, 2004 judgment were denied by this Court. Bosworth v. Alpha Mutual, L.L.C., et al, 2004-0902 (La.App. 4 Cir. 6/18/04), unpub. Writs to the Louisiana Supreme Court were also denied. Bosworth v. Alpha Mutual, L.L.C., et al, 2004-1783 (La.10/14/04), unpub.

.The record does not contain a trial transcript of the September 7, 2007 hearing.