MADELEINE M. LANDRIEU, Judge.
hThe plaintiff, Chinita Weber, appeals the trial court’s judgment that dismissed her petition upon the granting of exceptions of no right of action and prescription filed by the defendant, Metropolitan Hospice, Inc. (“Metropolitan”). For the rea *373 sons that follow, we reverse the trial court’s judgment in part and remand the matter to that court.
FACTS AND PROCEEDINGS BELOW
On August 4, 2006, Ms. Weber filed suit alleging wrongful death and survival claims on behalf of her aunt, Mary London, one of eight people who died at Metropolitan Hospice during the week following Hurricane Katrina’s landfall on August 29, 2005.[1] Ms. Weber alleged that Metropolitan was negligent in failing to evacuate the residents of its facility and in failing to provide an adequate source of backup electrical power, thus exposing those in the facility to extreme heat and unsanitary conditions, which ultimately caused her aunt’s death. Ms. Weber’s suit, originally pled as a class action, was consolidated in the trial court with | ¡.similar actions filed against Metropolitan by families of the other deceased individuals.
Metropolitan raised an exception of no right of action asserting that Ms. Weber was not the proper party to file an action on behalf of her aunt. The exception was based upon the Louisiana Civil Code articles that specify which parties have the right to bring a wrongful death action and a survival action, respectively, on behalf of a deceased person. According to Article 2315.2, the right to bring a wrongful death action inures successively to: 1) the deceased’s surviving spouse and/or children; 2) the deceased’s surviving father and/or mother; 3) the deceased’s surviving brothers and/or sisters; and 4) the deceased’s surviving grandfather and/or grandmother. Article 2315.1 provides that the right to recover damages for injury to the deceased person or his property (the survival action) is granted to the same classes of beneficiaries listed above in the same successive order, and that in the absence of any of these classes, the right to bring the action is granted to the deceased’s succession representative.
The trial court granted the exception of no right of action and dismissed the case. Ms. Weber filed a motion for new trial asking that she be afforded time to amend her petition to state a right of action. The trial court gave her thirty days to amend.[2] On February 24, 2011 Ms. Weber filed an amending petition in her new capacity as the representative of her aunt’s succession.[3] [.¡Metropolitan then filed an exception of no right of action as to the wrongful death claim asserted by Ms. Weber and an exception of prescription as to the survival claim. The trial court granted both exceptions from the bench without an evidentia-ry hearing and signed a written judgment to this effect on July 15, 2011. Ms. Weber filed a motion for new trial and a request for written reasons for judgment in early August, 2011. The trial court denied the motion without a hearing on August 11, 2011. On August 30, 2011, the trial court issued written Reasons for Judgment that addressed only the court’s basis for denying the new trial, not its reasons for the underlying judgment granting the exceptions. Ms. Weber now appeals the July 15, 2011 judgment dismissing her action *374 upon the granting of Metropolitan’s exceptions.
ISSUES
In her appellant brief Ms. Weber states that she has listed “multiple possible Errors and corresponding Issues for review due to a lack of knowledge of any reason(s) that the district court granted the exceptions ....”[4] In our view, the issues that warrant discussion are as follows:
(1) Whether the trial court erred by granting the exception of no right of action as to the survival claim;
(2) Whether the trial court erred by finding that Ms. Weber’s amended petition, filed in her capacity as succession representative, does not “relate back” to Cher timely filed original petition, and that, therefore, her survival action is prescribed.
DISCUSSION
I. Exception of No Right of Action
The exception of no right of action tests whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(5); Indus. Companies, Inc. v. Durbin, 2002-0665, p. 11 (La.1/28/03), 837 So.2d 1207, 1216. The function of the exception is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the lawsuit. Id. (citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com’n, 94-2015, p. 5 (La.11/30/94), 646 So.2d 885, 888). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Id., p. 12, 837 So.2d at 1216. Evidence is admissible on the trial of an exception of no right of action to “support or controvert any of the objections pleaded, when the grounds therefor do not appear from the petition.” La.Code Civ. Proc. art. 931. Id.
Whether a party has a right of action is a question of law. Brednich v. Bourbon Nite-Life, LLC, 2012-1209, p. 3 (La.App. 4 Cir. 12/19/12), 108 So.3d 235, 238, writ denied, 2013-0168 (La.3/1/13), 108 So.3d 1182 (citing Acorn Community Land Ass’n of Louisiana, Inc. v. Zeno, 05-1489, p. 3 (La.App. 4 Cir. 6/21/06), 936 So.2d 836, 838). An appellate court reviews questions of law by 15making a determination as to whether the trial court was legally correct or legally incorrect. Id., p. 4, 108 So.3d at 238.
On appeal, Ms. Weber does not challenge the dismissal of her wrongful death claim, only the dismissal of her claim for the damages suffered by her aunt while she remained alive in the Metropolitan facility (the survival action). Because the trial court correctly dismissed the wrongful death claim on the basis that Ms. Weber does not have a right of action under Louisiana Civil Code article 2315.2, we affirm the judgment insofar as it dismissed that claim.
The trial court erred, however, by granting the exception of no right of action with regard to the survival claim. As noted previously, Louisiana Civil Code article 2315.1 provides that in the absence of a surviving spouse, child, sibling or grandparent of the deceased, a claim alleging injury to the deceased or his property may be urged by the deceased’s succession representative. Because Ms. London died without a surviving relative in any of the categories listed in article 2315.1, only her *375 succession representative would have a right of action. Because Ms. Weber’s amended petition was filed in her capacity as Ms. London’s succession representative, the exception of no right of action was wrongly granted as to the survival claim. We therefore reverse the judgment in that respect.
II. Exception of Prescription
Prescription is a peremptory exception. La. C.C.P. art. 927. When the exception of prescription is raised in the trial court prior to trial of the case, evidence may be introduced to support or controvert it. La. C.C. P. art. 931. If evidence is introduced, the trial court’s findings of fact are reviewed according to |fithe manifest error standard. London Towne Condo. Homeowner’s Ass’n v. London Towne Co., 2006-401, p. 4 (La.10/17/06), 939 So.2d 1227, 1231. However, when, as here, no evidence is introduced, the appellate court simply determines whether the trial court’s finding was legally correct or incorrect. Dugas v. Bayou Teche Water Works, 2010-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 830. In applying this standard, the law requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Coston v. Seo, 2012-0216, p. 8 (La.App. 4 Cir. 8/15/12), 99 So.3d 83, 88.
Louisiana Civil Code article 2315.1 provides that an action for injury to the deceased or his property “shall survive for a period of one year from the death of the deceased....” Although Ms. Weber’s original petition was filed on August 4, 2006, and therefore within one year of her aunt’s death, Ms. Weber’s amended petition in her capacity as succession representative was not filed until February 24, 2011. Therefore, we must determine whether the amended petition “relates back” to the original, timely-filed petition for purposes of defeating prescription.
Louisiana Code of Civil Procedure article 1153 states:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
In Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040, 1041 (La.1985), the Louisiana Supreme Court set forth the four factors that must be considered in determining whether an amended petition adding or substituting a plaintiff relates back to a timely-filed original petition for purposes of defeating prescription. The Court stated:
17[A]n amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
Id. at 1044.
In Giroir, the Court held that an amended petition filed by a husband in his individual capacity asserting a survival claim on behalf of his deceased wife related back to the original petition filed by the husband in his capacity as administrator of his wife’s succession. In so holding, the Court reasoned:
The problem of relation back of amendments involving a change in the capacity of the parties is less difficult. Where a *376 plaintiff only seeks to change the capacity in which the action is brought, or in which defendant is sued, because there is no change in the parties, and because all parties are on notice of the facts out of which the claim arose, an amendment will relate back to the date of the original pleading absent prejudice due to the delay in filing.
Applying these precepts, we conclude that the actions asserted in the Giroirs’ amended petition all relate back to the date of filing of the original petition. With respect to Mr. Giroir, the amendment only sought to change the capacity in which he brought the survival action. Because Mr. Giroir was already before the court in a different capacity ... and because the defendants already were on notice of the facts out of which his claim arose, there was no prejudice to the defendant and the amendment clearly related back.
Id., 475 So.2d at 1044-45 (Citations omitted).[5]
|RThe case before us is factually analogous to Giroir. Ms. Weber’s amended petition arises out of the same occurrence (her aunt’s death) as the original petition; the defendants were put on notice of the essential facts of the claim and of Ms. Weber’s involvement at the time the original petition was filed; and the defendants have failed to demonstrate that they would be unduly prejudiced by the delay in filing.
In opposition to Ms. Weber’s appeal, the defendants rely upon Estate of Robinson v. Continental Cas. Co., 44,952 (La.App. 2 Cir. 3/3/10), 31 So.3d 1194. In that case, the Second Circuit held that an amended survival petition naming the adult children of the decedent as plaintiffs did not relate back to the original petition filed by one of the children in her capacity as the succession representative. The petition alleged that the decedent’s attorney had committed legal malpractice by failing to timely file her personal injury lawsuit, and that this failure had caused the decedent to commit suicide. The case before us is not analogous to Estate of Robinson because that case did not involve a prescriptive period, but rather the statutory peremptive period applicable to legal malpractice claims.[6] Unlike prescription, the running of a peremptive period cannot be renounced, suspended or interrupted. Jenkins v. Starns, 2011-1170, p. 26 (La.1/24/12), 85 So.3d 612, 627.
Accordingly, based on Giroir, Ms. Weber’s amended petition relates back to the filing of her original petition for purposes of defeating prescription. To the extent that the trial court found otherwise, it erred.
As the trial court failed to give reasons for its granting of the exception of prescription, Ms. Weber alternatively argues, and the defendants refute, that the |9trial court erred by finding that the amended petition could not relate back because the cause of action asserted is one of medical malpractice. The Louisiana Supreme Court has held that medical malpractice actions are not subject to the general Code of Civil Procedure articles allowing “relation back,” but rather to the specific time limits set forth in La. R.S. 9:5628 as applicable to actions filed pursuant to the Louisiana Medical Malpractice Act (“LMMA”). Warren v. Louisiana *377 Medical Mut. Ins. Co., 2007-0492 (La.12/2/08), 21 So.3d 186. On rehearing in Warren, the Supreme Court held:
Because medical malpractice actions are governed by the specific provisions of the Act regarding prescription and suspension of prescription, under Borel,[7] we find that any general codal article which conflicts with these provisions may not be applied to such actions in the absence of specific legislative authorization in the Act. The Act has no rules allowing relation back of pleadings for medical malpractice claims. The application of Article 1158 would permit the adding of an plaintiff subsequent to the expiration of the three-year period provided for in La. R.S. 9:5628, and would read out of the statute the prescription and suspension period provisions by La. R.S. 9:5628 and La. R.S. 40:1299.47; therefore, La. C.C.P. art. 1153 may not be applied to the medical malpractice action.
Id., 2007-0492, p. 9, 21 So.3d at 207-08 (Footnote added).
According to La. R.S. 9:5628, an action that “arises out of patient care” must be filed at the latest within three years of the alleged act, omission or neglect. Therefore, if Ms. Weber’s amended petition alleged medical malpractice, it would be prescribed because it was filed more than three years after her aunt’s death.
Ms. Weber’s original petition alleged that Metropolitan, as the owners/operators of the hospice facility, were negligent in: (1) failing to evacuate its residents prior to Hurricane Katrina and/or safely transport them afterward; (2) failing to have an evacuation plan; (3) failure to have or maintain adequate backup |inpower prior, during and after the hurricane’s landfall; (4) failing to prevent or warn the residents of unreasonably dangerous conditions on the premises; and (5) failing to provide adequate hospice, “medical, nursing,” and/or other care.
Despite the conclusory allegation that the defendant failed to provide “medical” or “nursing” care, plaintiff fails to state a cause of action in medical malpractice under the LMMA. The plaintiff alleges no facts that would support such a cause of action. The only facts alleged are that Metropolitan failed to evacuate its residents and failed to have adequate backup power, thereby exposing the residents to extreme heat and unsanitary conditions. In LaCoste v. Pendleton Methodist Hosp., L.L.C., the Louisiana Supreme Court emphasized that the LMMA must be strictly construed:
Today we reiterate that the limitations on the legal liability of qualified health care providers in Louisiana, as set forth in the Louisiana Medical Malpractice Act (LMMA), are to be applied only and strictly to cases of medical malpractice as defined in the LMMA, because the LMMA’s limitations on such liability were created by special legislation in derogation of the general rights of Louisiana tort victims.
Id., 2007-0008, p. 1 (La.9/5/07), 966 So.2d 519, 521.
In LaCoste, the plaintiffs mother, who was confined to a hospital and dependent on a ventilator, died in the aftermath of Hurricane Katrina when the hospital flooded and the electrical/ backup power necessary to maintain life support systems, such as the ventilators, failed. The Court found that the failure to have an evacuation plan, to evacuate the patients, and/or to provide sufficient backup power did not fall within the ambit of the LMMA, and therefore the action did not sound in medical malpractice. Id.
*378 |nSince LaCoste, this court has decided at least two “Katrina abandonment” cases in which the factual allegations are similar, if not identical, to those of the case before us. See: Montalbano v. Buffman Inc., 2011-0753 (La.App. 4 Cir. 3/21/12), 90 So.3d 503, writ denied, 90 So.3d 443 and 444 (La.6/1/12); and Burandt v. Pendleton Memorial Methodist Hospital, 2013-0049 (La.App. 4 Cir. 8/7/13), 123 So.3d 236. In both those cases, this court, relying on the provisions of the LMMA and citing La-Coste, held that the wrongs alleged by the plaintiffs did not amount to a cause of action in medical malpractice, but rather in general tort or premises liability. There are no material distinctions between Ms. Weber’s factual allegations and those asserted by the plaintiffs in LaCoste, Mon-talbano, and Burandt. For the same reasons set forth in those cases, we conclude that the action asserted by Ms. Weber does not sound in medical malpractice.
Therefore, to the extent that the trial court based its judgment upon a finding that Ms. Weber’s action sounds in medical malpractice (and that, therefore, the “relation back” principle is not applicable), the trial court erred.
For the aforementioned reasons, we find that the trial court erred by granting the exception of prescription as to Ms. Weber’s survival claim.
DECREE
Accordingly, we affirm the trial court’s judgment insofar as it granted the exception of no right of action as to Ms. Weber’s wrongful death claim; we reverse the trial court’s judgment insofar as it granted the exceptions of no right of action and prescription as to Ms. Weber’s survival claim; and we remand the matter to that court for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. One of the original defendants, Metropolitan Community Hospice Foundation, Inc., was dismissed by the plaintiffs in August of 2007.

. La. C.C.P. art. 934 states, in pertinent part: When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.

. The record indicates that Ms. Weber became the succession representative during the time the trial court granted to her to amend her petition.

. As noted previously, the trial court never issued substantive reasons for judgment regarding its granting of the exceptions despite the plaintiff’s request for same.

. The Giroir Court also held that the addition of Ms. Giroir's children as plaintiffs asserting survival and wrongful death claims in the amended petition related back to the timely filed original petition, reversing the appellate court on this issue. Id.

. See La. R.S. 9:5605.

. Borel v. Young, 2007-0419 (La.7/1/08), 989 So.2d 42.