JAMES F. McKAY III, Chief Judge.
_JjThis appeal stems from a medical malpractice claim filed in connection with the care and treatment of Roy Rondeno, Sr. (“Mr. Rondeno”) at the LSU Interim Public Hospital (“Hospital”). Richard R. Ron-deno (“appellant”), appearing in proper person, appeals the trial court judgment dismissing the medical malpractice action as prescribed. For the reasons that follow, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY:
Mr. Rondeno sustained traumatic injuries as a result of being crushed between two vehicles on September 26, 2009. He was transported to the Hospital, where he later died on October 2, 2009, as a result of his injuries.
On October 1, 2010, Mr. Rondeno’s surviving spouse, Shirley Rondeno (“Mrs. Rondeno”), filed a timely complaint with the Louisiana Patient’s Compensation Fund and Oversight Board (“PCF”) against the Hospital[1] and various individual health care providers who participated in the treatment of Mr. |2Rondeno. Mrs. Rondeno was the only claimant in the action before the medical review panel.
The medical review panel rendered a unanimous decision in favor of the Hospital and the individually-named health care providers. Notice of the decision was issued to Mrs. Rondeno’s former attorney on April 3, 2012. Pursuant to La. R.S. *1287 40:1299.47(A)(2)(a), Mrs. Rondeno had ninety days from that notice, or until July 3, 2012, to file suit. Mrs. Rondeno did not file suit. However, on July 3, 2012, the appellant herein, filed a petition for damages naming only Mrs. Rondeno as plaintiff. It is important to note that the petition was signed only by the appellant, who is not an attorney. Mrs. Rondeno did not sign the petition, nor was it signed on her behalf by a licensed attorney as required by La. C.C.P. art. 863.[2] On July 16, 2012, a first amending petition was filed, wherein the appellant, and his two adult brothers, Roy Rondeno Jr. and Ryan Rondeno were added as plaintiffs. A second amended petition was later filed to include additional defendants.
Defendants filed a peremptory exception of prescription, requesting that Mrs. Ron-deno’s original petition be stricken pursuant to La. C.C.P. art. 863. Defendants argued that because Mrs. Rondeno did not file a proper suit by July 3, 2012, her claim is prescribed. The exception further asserted that the first amending petition (filed July 16, 2012), which added Mr. Ron-deno’s three adult |3children as plaintiffs, was filed after the July 3, 2012 prescription date; thus, these claims are also prescribed.
The matter was brought before the trial court on November 8, 2013. The record reflects that prior to the hearing, Mrs. Rondeno and two of her sons, Roy Ronde-no Jr. and Ryan Rondeno, advised the court that they no longer wished to pursue the action. The appellant, however, chose to maintain his claims.
Judgment was rendered on January 10, 2014, granting the exception of prescription on the face of the pleadings and dismissing the claims of all plaintiffs with prejudice. The appellant’s pro se appeal followed. While the appeal is filed on behalf of the appellant, Mrs. Rondeno, Roy Rondeno Jr. and Ryan Rondeno, it is apparent that only the appellant is pursuing this appeal.
LAW AND ANALYSIS:
The appellant asserts one assignment of error, to wit:
The trial court erred in preventing plaintiff Richard R. Rondeno from fulfilling his obligations of the Law of the Nations correlating with globalization in preserving the rights of Richard R. Ron-deno and its members in which law of Law of the Nations is the Law of the World and also erred in preserving the executive agreements of federalism and internationalism.
After a review of the appellant’s briefs, it is evident that he fails to address the merits of the exception of prescription. In fact, the appellant asserts in his reply brief that:
[UJnder democratic globalization, do-mestie/globalized entity with international investment and globalization correlating with bilateral, multilateral and executive agreement territorially, it would be irrelevant to dispute over the date of which the petition was filed and by whom....
The appellant further claims that the facts of defendants’ exceptions “were an act of *1288 manipulation which violates the Law of the Nations §53....” Regarding the fact 14that the appellant signed the petition on behalf of his mother and brothers, he submits that he “was the chosen individual obligated to file a petition individually and on behalf of its members pursuant to the Law of the Nations.... ” Clearly, the legal arguments presented by the appellant are misplaced and not responsive to the issues raised in this appeal.
Defendants assert that the exceptions of prescription were properly granted. We agree. Our review of the record demonstrates that the trial court’s ruling is legally correct.
On the trial of a peremptory exception of prescription, evidence may be introduced to support or controvert any of the objections pleaded. La. C.C.P. art. 931. When evidence is introduced into the record and evaluated by the trial court at the trial of a peremptory exception, then the appellate court should not disturb the factual findings of the trial court absent manifest error. Coston v. Seo, 2012-0216, p. 8 (La.App. 4 Cir. 8/15/12), 99 So.3d 83, 88. “However, when, as here, no evidence is introduced, the appellate court simply determines whether the trial court’s finding was legally correct or incorrect.” Weber v. Metropolitan Community Hospice Foundation, Inc. 2013-0182, p. 6 (La.App. 4 Cir. 12/18/13), 131 So.3d 371, 375 (citing Dugas v. Bayou Teche Water Works, 2010-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 830). In applying this standard, the law requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Weber, 2013-0182, p. 6, 131 So.3d at 375 (citing Coston, 2012-0216, p. 8, 99 So.3d at 88).
| ^Ordinarily, the exceptor bears the burden of proof on trial of the peremptory exception, including the objection of prescription. SS v. State ex rel. Dept, of Social Services, 2002-0831, pp. 6-7 (La.12/4/02), 831 So.2d 926, 931; see also Primus v. Touro Infirmary, 2005-0662, p. 2 (LaApp. 4 Cir. 1/25/06), 925 So.2d 609, 610. It is only where a petition reveals on its face that prescription has run that the burden shifts to the plaintiff to show that his action has not prescribed. SS v. State, 2002-0831, p. 7, 831 So.2d at 931; Primus, 2005-0662, p. 2, 925 So.2d at 610.
Medical malpractice actions against qualified health care providers are governed by special legislation. LeBreton v. Rabito, 97-2221, p. 7 (La.7/8/98), 714 So.2d 1226, 1229. La. R.S. 9:5628(A) provides that an action against a qualified health care provider shall be filed within one year from the date of discovery of the alleged act of neglect or omission. Pursuant to La. R.S. 40:1299.47(B)(l)(a)(i), in order to file suit against a qualified health care provider, a plaintiff must first submit the claim to a medical review panel.[3] The filing of a request for a medical review panel then suspends prescription against all parties named in the complaint and all joint and solidary obligors until ninety days following notification of the opinion to plaintiffs counsel under La. R.S. | fi40:1299.47(A)(2)(a).[4]
In the present case, Mr. Rondeno died on October 2, 2009. Mrs. Rondeno *1289 (the only named claimant)[5] filed a timely request for a medical review panel on October 1, 2010. She was notified of the panel’s opinion on April 3, 2012. Thus, in accordance with the ninety-day suspension of prescription set forth in La. R.S. 40:1299.47(A)(2)(a), Mrs. Rondeno had until July 3, 2012, to file suit. As previously explained, Mrs. Rondeno did not file a proper petition for damages in accordance with La. C.C.P. art. 863 by July 3, 2012. Thus, we agree with the trial court and find that the petition for damages was prescribed on its face.
Additionally, relying on the Supreme Court’s holding in Warren v. Louisiana Medical Mutual Insurance Company, 2007-0492 (La.12/2/08), 21 So.3d 186, on reh’g, 21 So.3d at 202, we find that the July 16, 2012 amended petition, adding the appellant and his two brothers as plaintiffs, was not timely filed. Warren was a wrongful death action initially filed by the husband and daughter of a patient who allegedly died from substandard medical care. The PCF claim and original district court petition were both filed within the delays set forth by the Medical Malpractice Act. More than three years after the patient’s death, the plaintiffs attempted to amend their petition to add the decedent’s other daughter |7who was aware of the claim but had previously decided not to join in. The defendants filed an exception of prescription as to the second daughter’s claim. The trial court overruled the exception, and the court of appeal denied defendants’ writ application. On rehearing, the Supreme Court reversed the judgment of the trial court.
Citing the special prescription and suspension of prescription provisions in the Medical Malpractice Act, the Court in Warren held that the relation back doctrine under La. C.C.P. art. 1153 may not be applied to malpractice actions.[6] The Court reasoned:
Because medical malpractice actions are governed by the specific provisions of the Act regarding prescription and suspension of prescription, ... we find that any general codal article which conflicts with these provisions may not be applied to such actions in the absence of specific legislative authorization in the Act. The Act has no rules allowing relation back of pleadings for medical malpractice claims. The application of Article 1153 would permit the adding of an plaintiff subsequent to the expiration of *1290 the three-year period provided for in La. R.S. 9:5628, and would read out of the statute the prescription and suspension period provisions by La. R.S. 9:5628 and La. R.S. 40:1299.47; therefore, La. C.C.P. art. 1153 may not be applied to the medical malpractice action.
Warren, 2007-0492 at p. 9, 21 So.3d at 207-208.
Based on our thorough review of the record, and for the reasons set forth in the Warren, we find no error in the trial court’s judgment granting the exception of prescription in favor of the defendants. Accordingly, we affirm.
AFFIRMED

. The complaint named Louisiana State University Health Care Services Division, Medical Center of Louisiana, and Louisiana State University Interim Public Hospital.

. La. C.C.P. art. 863A states "Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.” Subsection C of article 863 provides: "If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.”

. La. R.S. 40:1299.47(B)(l)(a)(i) states: "No action against a health, care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel....”

. La. R.S. 40:1299.47(A)(2)(a) states in pertinent part:
*1289 The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail ... to the claimant or his attorney of the issuance of the opinion by the medical review panel.... The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.

. La. R.S. 40:1299.47(A)(l)(b)(iii) provides that a request for review of a medical malpractice claim shall contain the names of the claimants.

. The relation back doctrine is codified in La. C.C.P. art. 1153, which provides: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.” A plaintiff can only amend a petition that is in existence and pending at the time the amendment is filed. La. C.C.P. art. 1151.