# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**24-319**


**ROBERT ALEXANDER, ET AL**

**VERSUS**

**DRESSER, LLC, ET AL**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 269,709
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CLAYTON DAVIS
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.



**REVERSED AND REMANDED.**

**Lawrence J. Centola, III**
**Martzell, Bickford & Centola**
**338 Lafayette Street**
**New Orleans, Louisiana 70130**
**Telephone (504) 581-9065**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Jacob Breimel**
  **Joshua Breimel**

**Marjorie A. McKeithen**
**Lauren  Mastio**
**Meghan E. Smith**
**Marisa Del Turco**
**Jones Walker LLP**
**201 St. Charles Avenue, Suite 5100**
**New Orleans, Louisiana 70130**
**(504) 582-8709**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **General Electric Company**

**Patrick Bayard McIntire**
**Oats & Marino**
**100 E. Vermilion Street #400**
**Lafayette, Louisiana 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT:**
  **Louisiana Department of Environmental Quality**

**Stephen A. LaFleur**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, Louisiana 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT:**
  **Halliburton Energy Services, Inc.**

**Andrew M. Stakelum**
**King & Spalding**
**1100 Louisiana, Ste 4000**
**Houston, TX 77002**
**(713) 751-3200**
**COUNSEL FOR DEFENDANTS:**
  **Baker Hughes Holdings, LLC**
  **Baker Hughes, Inc.**
  **Baker Hughes, GE Company, LLC**
  **Baker Hughes Company**
  **GE Oil and Gas, LLC**
  **GE Oil and Gas, Inc.**
  **GE Oil and Gas US Holdings I, Inc.**

**CFC Holdings, Inc.**
**EHHC New Co., LLC**
**General Electric Co.**
**Dresser RELLC**
**Dresser, LLC**

**DAVIS, Judge.**

Joshua and Jacob Breimel, (Plaintiffs), appeal the decision of the district court finding their wrongful death claims prescribed. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs' petition alleges that the "Dresser" facility in Pineville, Louisiana, leaked a toxic chemical, trichloroethylene, since 2011, contaminating the surrounding environment. Plaintiffs contend this contamination caused injury to the nearby residents.

Plaintiffs' mother, Laurie Breimel, lived near this Dresser facility. She developed liver cancer and died in May 2018. Plaintiffs allege her death was due to her exposure to trichloroethylene from Dresser's facility. Plaintiffs allege they had no notice of the contamination or the Defendants' potential negligence before March 2020.

The original petition, filed on December 30, 2020, by Chalong Breimel, Laurie's husband, included a survival action on behalf of his wife and his own wrongful death claim. Chalong is the Plaintiffs' father. He mistakenly named Laurie as his sister in the petition. In August 2023, Plaintiffs joined their father's wrongful death suit. In October 2023, Chalong amended his petition to correct the mistake that named Laurie as his sister instead of his wife.

One of multiple Defendants, General Electric Company (GE), filed an exception of prescription in the district court, asserting that the wrongful death claims of Plaintiffs had prescribed. The district court granted this exception.

## LAW AND ANALYSIS

Chalong's wrongful death claim was filed more than one year after Laurie's death, and the misidentification of Laurie as his sister instead of his wife did not interrupt the running of prescription, according to GE. GE filed its exception of prescription to Plaintiffs' claims but not Chalong's.

The standard of review for a peremptory exception of prescription is contingent upon whether evidence was introduced at the hearing. *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 21-61 (La. 12/10/21), 333 So.3d 368. Where no evidence is introduced, the exception is decided upon the allegations in the petition. In such circumstances, all allegations in the petition are accepted as true. The reviewing court is to assess whether the trial court was legally correct in its ruling. *Id.* No evidence was introduced at the hearing at issue; thus, this Court must decide whether the district court was legally correct in its ruling.

### The Petition Was Not Prescribed on its Face

Importantly, "prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Carter v. Haygood*, 04-646, p. 10 (La. 1/19/05), 892 So.2d 1261, 1268. The Louisiana Supreme Court has found that the party pleading an exception of prescription bears the burden of proving the action has prescribed unless the face of the petition shows the action is prescribed. *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So. 3d 991.

Here, since the face of the petition states that the cause of action was not reasonably knowable until March 2020, implicating the doctrine of *contra non valentem,* Chalong's wrongful death petition was timely on its face. Consequently,

GE had the burden of proving Plaintiffs' wrongful death cause of action had prescribed.

*Chalong's Suit Interrupted Prescription*

Plaintiffs argue that prescription was interrupted for their benefit by the filing of Chalong's suit. Within this argument are two issues: whether Chalong's suit had prescribed, and whether the filing of a wrongful death suit by one member of the class of wrongful death beneficiaries interrupts prescription for the other beneficiaries.

This Court has ruled on multiple occasions that when one member of a class of beneficiaries as defined by La.Civ.Code art. 2315.2 files suit for a wrongful death claim, such filing interrupts prescription for the other members of that class. *See Tureaud v. Acadiana Nursing Home*, 96-1262 (La.App. 3 Cir. 5/7/97), 696 So.2d 15, and *Phillips v. Francis*, 01-1105 (La.App. 3 Cir. 2/6/02), 817 So.2d 107. In both cases, once a wrongful death claimant filed the petition for damages within the prescriptive period, prescription could not run against the other members of the class of wrongful death beneficiaries during the pendency of the suit, making it irrelevant for the purposes of prescription whether other beneficiaries filed within the statutorily defined period. Thus, if Chalong's wrongful death suit is not prescribed, then the suit interrupted prescription for Plaintiffs.

Chalong's suit was filed more than one year of the date of his wife's death, but the petition alleged no one could have known of the chemical release and its health effects at the time of Laurie's death. His suit was filed within one year of the date the residents near the Dresser facility were first informed.

Louisiana jurisprudence has long recognized the doctrine of *contra non valentem* as a means of suspending the running of prescription when the

3

circumstances of a case fall within one of four categories. *See* Frank L. Maraist and Thomas C. Galligan, Jr., *Louisiana Tort Law* § 10–4(b), 222 (1996). These categories include delaying the start of the prescriptive period "where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant." *Plaquemines P. Comm'n Council v. Delta Dev. Co., Inc.*, 502 So.2d 1034, 1054 (La.1987). This doctrine has been applied to wrongful death claims in Louisiana. *See McClendon v. State, Through Dep't. of Corr.*, 357 So.2d 1218 (La.App. 1 Cir. 1978), and *Jack v. Evonik Corp.*, 79 F.4th 547 (5th Cir. 2023).

In *Jack*, 79 F.4th 547, prescription of the wrongful death claimant hinged on the application of the doctrine of *contra non valentem*. There, the wrongful death claimant and his decedent wife lived near a petrochemical manufacturing plant which allegedly released carcinogens. The court found the plaintiff did not act unreasonably when he did not inquire further into the cause of his wife's breast cancer. The court applied the doctrine of *contra non valentem* for the plaintiff's survival action and wrongful death claims arising from the facility's carcinogen releases. The court found a reasonable man with plaintiff's education and experience should not have suspected contamination as the cause of his wife's cancer. The court stated:

> The doctrine of *contra non valentem* does not allow us to put ourselves, with the benefit of all our information and hindsight, into Jack's shoes. Nor does it permit us to opine as to whether a fictional and infallible "reasonable person" would have asked follow-up questions.… [A] man who does not work for an allegedly tortious employer cannot be held, with nothing more, to be suspicious of invisible and unknown emissions of surrounding companies or to embark independently on an investigation of the inner workings of an otherwise ordinary plant.

*Id.* at 563-564.

In this matter, the original petition alleged there was no way for the victims to know of the contamination until March 2020. The rationale of *contra non valentem*'s discovery rule applies to delay the start of prescription in this case. Chalong's suit was timely under the discovery rule. As a result, Chalong's petition interrupted prescription for the benefit of Plaintiffs.

### *The Correcting Amendment Relates Back*

Lastly, we find GE's argument unpersuasive that the factual error in the original petition misidentifying Laurie as a sister rather than a wife prevented the interruption of prescription. Louisiana Civil Code Article 865 states that "[e]very pleading shall be construed as to do substantial justice." Chalong's original petition included his legal name and alleged a wrongful death cause of action for the death of Laurie.

Chalong's wrongful death claim must be untimely for the Plaintiffs' wrongful death claim to be untimely, yet Chalong's claim has not been challenged. GE did not challenge Chalong's amendment to correct the error in relationship, and it did not file an exception of prescription to Chalong's wrongful death claim for Laurie's death.

The Louisiana Supreme Court in *Giroir v. S. La. Med. Ctr., Div. of Hosp.*, 475 So.2d 1040, 1044 (La.1985) found:

> Where a plaintiff only seeks to change the capacity in which the action is brought…because there is no change in the parties, and because all parties are on notice of the facts out of which the claim arose, an amendment will relate back to the date of the original pleading absent prejudice due to the delay in filing.

The amendment will relate back even where the initial, erroneous capacity gave the plaintiff no right of action to pursue the claim.

In *Weber v. Metro. Cmty. Hospice Found., Inc.*, 13-182 (La.App. 4 Cir. 12/18/13), 131 So.3d 371, the plaintiff was the niece of the deceased. She filed a survival action claim arising out of her aunt's death but filed it in her individual capacity. As the decedent's niece, she had no right to pursue the survival action under La.Civ.Code art. 2315.1. The original petition did not state a claim the plaintiff had a right to pursue. *Weber*, 131 So.3d 371. However, there were no beneficiaries of any class, other than the decedent's succession representative. Therefore, the plaintiff amended the claim to pursue it as the succession representative, granting her a right of action. This was done beyond the prescriptive period. The appellate court found this amendment related back to the original, timely petition, and therefore, the claim had not prescribed. *Id.*

Consequently, Chalong's amendment relates back to his original petition. Given the notice of the original petition, the mandate to construe pleadings to do substantial justice, the lack of any evidence at the hearing of any prejudicial effect, and the application of *contra non valentem*, we find the original petition interrupted prescription for Plaintiffs' wrongful death claim. Thus, the district court erred in granting GE's exception of prescription. GE's additional assignment of error regarding the interruption of prescription by the class action lawsuit is moot.

### DECREE

For the foregoing reasons, the judgment of the district court is reversed. We remand the matter to the district court for further proceedings consistent with this opinion. All costs of this appeal are assessed against General Electric Company.

**REVERSED AND REMANDED**.