STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-290

RITA PATIN

VERSUS

STATE OF LOUISIANA, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 238,068
HONORABLE MARY LAUVE DOGGETT, DISTRICT COURT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

AFFIRMED.

Judith M. Williams
Assistant Attorney General
429 Murray Street – 4th Floor
P. O. Box 1710
Alexandria, LA 71309-1710
Telephone: (318) 487-5944
COUNSEL FOR:
    Defendant/Appellee - State of Louisiana, Through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College as Owner and Operator of LSU Health Sciences Center-Shreveport, d/b/a LSU Family Practice Residency-Alexandria

Rita Patin
In Proper Person
435 N. Sterling Street
Lafayette, LA 70501
Telephone: (337) 233-5709

**THIBODEAUX, Chief Judge.**

In this dispute Rita Patin argues that the trial court erred by granting an exception of prescription in favor of State of Louisiana, Through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College as Owner and Operator of LSU Health Sciences Center-Shreveport, doing business as LSU Family Practice Residency-Alexandria (Center). Patin requested a medical review panel proceeding in a letter dated December 11, 2009. In the letter, Patin asserted that Dr. Charles Norwood's[1] inappropriate treatment resulted in a stroke, heart attack, and other serious injuries, and that the last date of treatment was December 15, 2006. For the following reasons, we affirm.

I.

**ISSUE**

We shall consider whether the trial court erred by granting an exception of prescription in favor of Center in this request-for-a-medical-review-panel case where the alleged victim of medical malpractice requested the medical panel review three years after the last date of treatment, did not allege the date she discovered she was the victim of a tort, and did not submit any evidence to allow a determination of when she should have discovered the facts on which to base this cause of action.

II.

**FACTS**

In a letter to the Commissioner of Administration, dated December 11, 2009, Patin requested a medical panel review. The letter states that "[t]he last physical treatment was on December 15, 2006." Patin alleged that Dr. Norwood

_____

[1]Dr. Norwood works through Center as a family practice physician.

administered inappropriate treatment which resulted in a stroke, heart attack, and other serious injuries. No other details were specified in the letter.

Center filed an exception of prescription in the District Court. Patin, acting on her own behalf, requested and was granted several continuances and then filed an answer. In the answer, Patin alleged that she continued telephone consultations with Dr. Norwood into 2008 and, during those conversations, he "consistently mislead" Patin to believe that her symptoms were part of her healing process. Patin further alleged that she received excessive electromagnetic/scenar shocks which resulted in a stroke, heart attack, and exacerbation of other symptoms. Finally, Patin alleged in her answer that Dr. Norwood attempted unsolicited sexual contact with her.

The trial court found that Patin's claim of malpractice was prescribed and dismissed Patin's request for a medical review panel with prejudice. In Patin's appeal, she claims that the trial court erred by disregarding her answer and by denying her request for the hearing's transcript during which she allegedly gave sworn testimony. Patin also re-alleged the facts she stated in her answer.

Center argues that the general rule is that a medical malpractice claim must be filed within one year of the alleged act. To benefit from what the Center characterizes as the three-year-exception to the general rule, a plaintiff must show some delay in the discovery of the malpractice. Center contends that Patin failed to allege any facts that would place her case in the three-year prescriptive period. Center also explained that the record does not contain the hearing's transcript because Patin failed to pay for it.

We note that Patin motioned this court to supplement the record to include documents that are not in the record already. This court denied the motion: "[a]ppellate courts are courts of record and may not review evidence that is not in the

appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88 (citations omitted).

III.

## STANDARD OF REVIEW

The manifest error standard of review applies to an appellate court's consideration of an exception of prescription. *Strahan v. Sabine Ret. & Rehab. Ctr., Inc.*, 07-1607 (La.App. 3 Cir. 4/30/08), 981 So.2d 287. We must bear in mind, however, that an appellate court must strictly construe the statutes against prescription and in favor of the extinguished claim. *Id.*

IV.

## LAW AND DISCUSSION

> No action for damages for injury or death against any physician, . . . hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

La.R.S. 9:5628(A). Thus, La.R.S. 9:5628(A) "sets forth two prescriptive limits within which to bring a medical malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three year limitation from the date of the alleged act, omission or neglect to bring such claims." *Campo v. Correa*, 01-2707, p. 9 (La. 6/21/02), 828 So.2d 502, 509.

Even though the patient must go through a medical review panel and receive its opinion before she or he can file a lawsuit, a health care provider may raise in court an exception of prescription during the medical review panel stage. *Perritt v.*

3

*Dona*, 02-2601, 02-2603 (La. 7/2/03), 849 So.2d 56. *See also Primus v. Touro Infirmary*, 05-662 (La.App. 4 Cir. 1/25/06), 925 So.2d 609; *Dixon v. La. State Univ. Med. Ctr.*, 33,036 (La.App. 2 Cir. 1/26/00), 750 So.2d 408, *writ denied*, 00-627 (La. 4/20/00), 760 So.2d 350. The exceptor bears the burden of proving prescription unless it is apparent on the face of the petition that prescription has run. *Primus*, 925 So.2d 609. For the purposes of allocating the burden of proof on the exception of prescription under the facts of this case, the letter requesting a medical review panel is treated as a petition. *Id.*; *Dixon*, 750 So.2d 408.

A petition is not prescribed on its face when the action, although brought after one year from the date on which malpractice was committed has passed, is brought within one year of the date of discovery of malpractice and within three years of the date of malpractice. *Campo*, 828 So.2d 502. Thus, it is an error to shift the burden of proof onto the plaintiff solely because the petition is filed more than one year after the alleged malpractice if the petition makes a prima facie showing that it was filed within one year of discovery and within three years of alleged malpractice. *Id.*

The date of the discovery must be a reasonable one. *Id.* Thus, "[p]rescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Id.* at 510 (citing *Percy v. State, Through E.A. Conway Mem'l Hosp.*, 478 So.2d 570 (La.App. 2 Cir. 1985)). "Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry." *Id.* at 510-11. "[A] plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice." *Campo*, 828 So.2d at 511 (citing *Gunter v. Plauche*, 439 So.2d 437 (La.1983)). Thus, "[t]he ultimate issue is the *reasonableness* of the

4

patient's action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant's conduct." *Id.* (citing *Griffin v. Kinberger*, 507 So.2d 821 (La.1987)).

Here, Patin's letter requesting a medical panel review refers only to the date of the last treatment, which was December 15, 2006. It mentions nothing about when Patin became aware that she may have been the victim of malpractice. Thus, Patin does not indicate when she suffered the alleged heart attack, stroke, and other injuries as a result of Dr. Norwood's treatment. Neither does she indicate when she became aware that these injuries resulted from Dr. Norwood's treatment. In addition, Patin provided no dates on which Dr. Norwood attempted sexual contact with her. Finally, Patin submitted no sufficient *evidence* upon which the trial or this court could determine whether her actions/inactions were reasonable.

Thus, the action for medical malpractice is prescribed on the face of the "petition." Therefore, the burden shifted onto Patin to show that prescription has not run. Patin failed to do so, and, therefore, we find no error in the trial court's decision to sustain Center's exception of prescription.

Patin argues that the trial court erred by not considering the allegations contained in Patin's answer to the Center's exception of prescription. Even if this court were to construe the "answer" as some sort of an amendment to Patin's "petition," Patin would still have no relief. This is so because usually a party amends a petition to address questions of vagueness or to state a cause of action. Patin's answer addresses neither of these goals as Patin stated a cause of action in her "petition." The sole focus of her answer is the question of prescription.

Furthermore, as with Patin's "petition," Patin's answer does not indicate when she became aware that her injuries were the result of Dr. Norwood's malpractice. In addition, because the record is devoid of any evidence, there is no

5

way for the trial court or this court to determine when Patin should have been aware that she was the victim of malpractice. Thus, the trial court committed no error.

Finally, Patin has no basis to complain regarding the trial court's failure to provide the hearing's transcript. There is no record of Patin's request or payment for the transcript. Nor is there a record of Patin's application for a pauper's status.

V.

## CONCLUSION

The trial court's judgment granting an exception of prescription in favor of State of Louisiana, Through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College as Owner and Operator of LSU Health Sciences Center-Shreveport, doing business as LSU Family Practice Residency-Alexandria is affirmed. Costs of this appeal are assessed to Rita Patin.

**AFFIRMED.**