# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-207

**IN THE MATTER OF THE PROFESSIONAL LIABILITY CLAIM OF BRIAN SNAVELY (D), ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2014-3917
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and David Kent Savoie, Judges.

**AFFIRMED.**

**Alan K. Breaud**
**Breaud & Meyers**
**600 Jeferson Street – Suite 1101**
**Lafayette, LA 70501**
**Telephone:  (337) 266-2200**
**COUNSEL FOR:**
>    Defendants/Appellees - Margaret Rice, M.D., APMLLC, and Rice Medical Management, LLC

**Joseph Lomax Jordan, Jr.**
**1817 W. University Avenue**
**Lafayette, LA 70506**
**Telephone:  (337) 233-9984**
**COUNSEL FOR:**
>    Plaintiff/Appellant - Linda Snavely

**THIBODEAUX, Chief Judge.**

Linda Snavely appeals a trial court judgment dismissing her Dilatory Exception of Insufficiency or Improper Service of Process (Exception of Insufficiency) and granting the exception of prescription filed by Appellee Margaret Rice, MD. The exceptions originated in a medical malpractice proceeding where Ms. Snavely claimed that Dr. Rice negligently treated her deceased son, Brian Snavely. After Ms. Snavely filed a request to convene a medical review panel with the Louisiana Patient's Compensation Fund, Dr. Rice filed a Petition to Have Docket Number Assigned in district court in Lafayette Parish. She also filed an exception of prescription, arguing that Ms. Snavely's claim was prescribed on its face since it was filed more than a year after the alleged malpractice had occurred. Ms. Snavely, claiming that the Petition to Have Docket Number Assigned and exception were improperly served, filed the Exception of Insufficiency. The trial court denied Ms. Snavely's exceptions as to Dr. Rice and granted Dr. Rice's exception of prescription. For the following reasons, we affirm.

## I.

## <u>ISSUES</u>

1. Whether Dr. Rice's failure to personally serve Ms. Snavely with her Petition to Have Docket Number Assigned and exception of prescription constitutes insufficient service of process.

2. Whether Ms. Snavely's claim is prescribed under La.R.S. 9:5628.

3. Whether the trial court improperly failed to provide Ms. Snavely with an opportunity to amend her complaint to cure prescription.

## II.

## FACTS AND PROCEDURAL HISTORY

These proceedings arise out of the death of Ms. Snavely's adult son, Brian Snavely, on August 18, 2012. Brian was Dr. Rice's patient from November 2005 until his death. She was providing pain management treatment to Brian for injuries sustained in a 1999 industrial accident and a 2010 motorcycle accident. Dr. Rice was familiar with Brian's medical history, which included chronic back pain, polycystic kidney disease, and history of pulmonary emboli.

Brian severely fractured his wrist in the motorcycle accident and was scheduled to undergo surgery on his wrist on August 1, 2012. He complied with his surgeon's suggestion that he discontinue using chronic pain medication. On July 30, 2012, Ms. Snavely, who helped care for Brian as he underwent medical treatment, noticed that Brian was "acting oddly and perhaps hallucinating." She took Brian to the emergency room at Our Lady of Lourdes Regional Medical Center. There he was diagnosed with "Drug Withdrawal Syndrome 292.0" and admitted to Acadia Vermillion Hospital for a controlled detoxification in anticipation of rescheduling the surgery.

On August 13, 2012, Brian appeared at Dr. Rice's offices. He told her that he had been discharged from Acadia Vermillion Hospital and discussed his pending wrist surgery. On that day, Dr. Rice prescribed Brian the following: 6 30mg Oxycodone daily, 4 350mg Soma daily, and 3 Xanax daily. On August 18, 2012, Brian died. His death certificate was released on August 23, 2012, and listed the immediate cause of death as poly drug toxicity.

On October 5, 2012, Ms. Snavely substituted herself as plaintiff in a lawsuit against the insurer of the other driver in Brian's motorcycle accident. On

June 17, 2013, Dr. Rice delivered a copy of her medical record for Brian to Ms. Snavely after the record was subpoenaed by another party in that suit. Around August 6, 2013, counsel for Ms. Snavely "became curious" about some of the information in those records and asked an expert toxicologist-pharmacologist to review some of the records. About a week later, the expert gave his opinion that Dr. Rice had breached the applicable standards of care.

Ms. Snavely filed a request for a medical panel review[1] with the Louisiana Patient's Compensation Fund on June 24, 2014, naming, among others, the appellee, Margaret Rice, MD, a Professional Medical Limited Liability Company (the Rice PMLLC), and Rice Medical Management, LLC as respondents. The filing was signed by Ms. Snavely's attorney and accompanied by a verification signed by him stating that he was Ms. Snavely's attorney in this matter. The complaint alleged that the respondents had breached the applicable standards of care and that doing so caused, contributed to, or played a significant part in Brian's death. Dr. Rice then filed a Petition to Have Docket Number Assigned. Ms. Snavely was not personally served with that Petition; it is unclear whether service was made on her attorney. Later, Dr. Rice, the Rice PMLLC, and Rice Medical Management, LLC, filed an exception of prescription asking that Ms. Snavely's claims be dismissed. Dr. Rice argued that since any malpractice must have occurred by the time of Brian's death on August 18, 2012, the claim, filed more than a year after that date, was prescribed on its face. Service of the exception was requested and made on Ms. Snavely's attorney.

---

[1] The full title of Ms. Snavely's filing is "Request for Medical Review Panel to be Empaneled and to Convene for the Purpose of Consideration of Medical Malpractice Complaint Against a Qualified Healthcare Provider and and [sic] for the Interruption of Prescription of Claims Against Persons or Entities not Qualified for the Benefits of the Louisiana Malpractice Act and Complaint Filed under the Louisiana Medical Malpractice Act."

In response to the exception of prescription, Ms. Snavely filed several exceptions, including the Exception of Insufficiency. She argued that the proceedings were absolutely null because Dr. Rice had failed to personally serve her with her Petition to Have Docket Number Assigned and exception of prescription. Ms. Snavely also filed a memorandum in opposition to exception of prescription arguing that the claim was not prescribed under the discovery rule. She contended that she could not have discovered the malpractice before receiving the expert's email in July or August 2013. Since the claim was filed within a year of that time, it was not prescribed.

The trial court sustained Ms. Snavely's exceptions as to the Rice PMLLC and Rice Medical Management, LLC, since those parties had not been named in the Petition to Have Docket Number Assigned.[2] The trial court dismissed the exceptions as to Dr. Rice and sustained the exception of prescription filed by Dr. Rice. Ms. Snavely timely appealed the trial court's judgment as to her Exception of Insufficiency and Dr. Rice's exception of prescription.

III.

## LAW AND DISCUSSION

### Issue 1

### Denial of Exception of Insufficiency

Ms. Snavely asserts that the trial court's judgment denying her Exception of Insufficiency is erroneous. Specifically, she argues: 1) Dr. Rice improperly failed to personally serve her with the Petition to Have Docket Number Assigned; and 2) Dr. Rice improperly served Ms. Snavely's attorney with their

---

[2]Neither party appealed the trial court's ruling as to the Rice PMLLC or Rice Medical Management, LLC.

exception of prescription and was required to personally serve Ms. Snavely. A trial court's ruling on an exception of insufficient service of process is reviewed under the manifest error standard. *Calbert v. Batiste*, 12-852 (La.App. 3 Cir. 2/6/13) 109 So.3d 505.

### Service of the Petition to Have Docket Number Assigned

Ms. Snavely argues that personal service upon her of the Petition to Have Docket Number Assigned pursuant to La.Code Civ.P. art. 1201(A) was required. She claims that she was not issued citation nor served with a copy of that Petition, and no service was requested upon her or on any representative. "Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code." La.Code Civ.P. art. 1201(A). Service of citation or other process may be personal or domiciliary. La.Code Civ.P. art. 1231. Furthermore, without the required citation and service, "all proceedings are absolutely null." La.Code Civ.P. art. 1201(A). Ms. Snavely contends that the Petition to Have Docket Number Assigned initiated court proceedings and, therefore, Dr. Rice was required to request citation and service on the adverse party. She further argues that since Dr. Rice never served her with the Petition to Have Docket Number Assigned, the proceedings are absolutely null.

The mere fact that Dr. Rice's request to set a docket number was the first document filed in a court of law does not mean that the request initiated proceedings. Before medical malpractice claimants may proceed in any court of law, they must submit their claims to a medical review panel. La.R.S. 40:1299.47(A)(1); *Perritt v. Dona*, 02-2601 (La. 7/2/03) 849 So.2d 56. Once that

5

request is filed, parties may ask the clerk to assign a docket number to a contemplated medical malpractice proceeding in order to conduct discovery. La.R.S. 40:1299.47(D)(4); *Wright v. Christus Health Center Louisiana*, 14-970 (La.App. 3 Cir. 2/4/15) 157 So.3d 1147, *writ denied*, 15-819 (La. 6/5/15) __ So.3d __. The request to convene a medical review panel, therefore, initiates medical malpractice proceedings; any request for a docket number is only another step in proceedings that have already begun. *See In re Medical Review Panel for Claim of Moses*, 00-2643 (La. 5/25/01) 788 So.2d 1173.

Moreover, a request for a docket number, which merely continues medical malpractice proceedings, is not the type of filing which must comply with La.Code Civ.P. art. 1201(A). Louisiana Code of Civil Procedure Article 1201(A) requires service and citation in "all civil actions." A civil action is "a demand for the enforcement of a legal right." La.Code Civ.P. art. 421. It follows that a request to set a docket number, which makes no demand on the opposing party, therefore does not need to comply with the personal service requirements of La.Code Civ.P. art. 1201. *See West v. Melancon*, 02-1335 (La.App. 4 Cir. 3/19/03) 843 So.2d 485; *Richardson v. O'Neal*, 30,599 (La.App. 2 Cir. 4/13/98) 716 So.2d 26.

Here, Dr. Rice filed the Petition to Have Docket Number Assigned on July 30, 2014, a little over a month after Ms. Snavely filed her initial request for a medical review panel on June 24, 2014. The Petition to Have Docket Number Assigned refers to Dr. Rice as the respondent in a proceeding with the Louisiana Patient's Compensation Fund and asks the district court to assign a docket number "for the purposes of discovery, pursuant to LSA-R.S. 40:1299.47D(4)." Dr. Rice's Petition to Have Docket Number Assigned was, therefore, merely a response to

6

Ms. Snavely's request for a medical review panel, which initiated the medical malpractice proceedings. The Petition to Have Docket Number Assigned did not seek to enforce any legal right against Ms. Snavely; in fact, it did not require any response at all from Ms. Snavely. La.Code Civ.P. art. 421. While Dr. Rice's Petition to Have Docket Number Assigned may have been the first filing made in the district court, it did not initiate a civil action within the meaning of La.Code Civ.P. art. 1201. It was simply another step in ongoing proceedings. *In re Moses*, 788 So.2d 1173. Therefore, Dr. Rice did not need to comply with La.Code Civ.P. art. 1201(A) when filing her Petition to Have Docket Number Assigned.

### Service of the Peremptory Exception of Prescription

Ms. Snavely next argues that service of Dr. Rice's exception of prescription on her counsel, rather than on her personally, was improper. She recognizes that La.Code Civ.P. art. 1313(A) permits service of every pleading subsequent to a petition on the adverse party's counsel of record. However, Ms. Snavely contends that, if Dr. Rice's Petition to Have Docket Number Set was not a petition requiring personal service, Dr. Rice cannot rely on La.Code Civ.P. art 1313(A) for service of a pleading *subsequent to a petition*.

But as discussed above, it is the request to convene a medical review panel that initiates a medical malpractice proceeding and acts as a petition. *In re Moses*, 788 So.2d 1173. A healthcare provider is permitted to file exceptions of no right of action and prescription in response to that request. La.R.S. 40:1299.47(B)(2)(a). Those exceptions, like all exceptions, are "defense[s] . . . used by the defendant . . . to defeat the demand brought against him." La.Code Civ.P. art. 921. Since an exception in a medical malpractice proceeding is filed in

response to a "demand" in the form of a request to convene a medical review panel, the exception can be treated as a pleading subsequent to the petition. *In re Moses*, 788 So.2d 1173; *Primus v. Touro Infirmary*, 05-662 (La.App. 4 Cir. 1/25/06) 925 So.2d 609. Service of that exception on the adverse party's counsel is proper. La.Code Civ.P. art. 1313.

Here, Ms. Snavely filed her request to convene a medical review panel on June 24, 2014, alleging malpractice by Dr. Rice resulting in the death of Brian, her son. That request was signed by Ms. Snavely's attorney. Since Dr. Rice's exception was filed subsequent to Ms. Snavely's initial filing, service on Ms. Snavely's attorney was proper.

Since the attorney served with the exception was not enrolled as counsel of record, Ms. Snavely asserts that service on him was improper. When service on a party's attorney is permitted, as it was here, it must be done "under circumstances from which it can at least be reasonably presumed that notice resulting from such service will be communicated to the litigant." *Adair Asset Management, LLC/US Bank v. Honey Bear Lodge, Inc.*, 12-1690, pp. 7 (La.App. 1 Cir. 2/13/14) 138 So.3d 6, 11 (citation omitted). Here, Ms. Snavely's attorney signed a verification attached to her request to convene a medical review panel in which he stated that he was "the attorney for the complainant in this matter." Based on that verification, Dr. Rice could have reasonably presumed that service would be communicated to Ms. Snavely. In fact, nothing in the record indicates that the exception of prescription was not communicated to Ms. Snavely. Therefore, service of Dr. Rice's exception of prescription on Ms. Snavely's attorney was proper.

8

**Issue 2**

**Grant of Peremptory Exception of Prescription**

Having found that Dr. Rice's Petition to Have Docket Number Assigned and exception of prescription complied with service of process requirements, we now turn to the merits of the exception. Dr. Rice argues that the claim is facially prescribed since it was filed more than a year after the alleged malpractice occurred. She points out that any malpractice must have occurred by August 18, 2012, when Brian Snavely died, and Ms. Snavely did not file a request to convene a medical review panel until almost two years later on June 24, 2014. Ms. Snavely, on the other hand, responds that her claim is not prescribed since it was filed within a year of when she discovered the alleged malpractice in July or August 2013. She argues that she could not have reasonably known of a malpractice claim until an expert toxicologist-pharmacologist informed her that Dr. Rice may have breached the applicable standards of care. The trial court concluded that Ms. Snavely's claim had prescribed under La.R.S. 40:1299 as interpreted in *In re Moses*, 788 So.2d 1173. A trial court's grant of an exception of prescription is reviewed for manifest error. *Patin v. State*, 11-290 (La.App. 3 Cir. 10/5/11) 74 So.3d 1234, *writ denied*, 11-2844 (La. 3/2/12) 84 So.3d 533 (citing *Strahan v. Sabine Retirement & Rehabilitation Center, Inc.*, 07-1607 (La.App. 3 Cir. 4/30/08) 981 So.2d 287).

Louisiana Revised Statutes 9:5628(A) states the applicable prescriptive periods for medical malpractice claims:

> "No action for damages for injury or death against any physician,…arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect;

however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect."

A healthcare provider against whom a claim has been asserted may file an exception of prescription at any time, regardless of whether the medical review panel process has been completed. La.R.S. 40:1299.47(B)(2)(a); *Patin*, 74 So.3d 1234. The burden to prove that a claim has prescribed is normally on the party alleging prescription. *Campo v. Correa*, 01-2707 (La. 6/21/02) 828 So.2d 502. Evidence may be submitted to support or controvert an exception of prescription, but "in the absence of evidence, an objection of prescription must be decided upon the facts alleged in the petition with all allegations accepted as true." *Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.*, 11-2835, pp. 26 (La. 11/2/12) 125 So.3d 1057, 1072. However, if it is clear from the face of the petition that prescription has run, then the burden shifts to the plaintiff to show that the claim is not prescribed. *Patin*, 74 So.3d 1234.

A claim is not prescribed on its face, even though it is filed more than a year after the alleged malpractice, if it is filed within a year of discovery of the malpractice and within 3 years of the date of malpractice. *Patin*, 74 So.3d 1234. Discovery occurs when "a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo*, 828 So.2d at 510. A plaintiff has constructive knowledge when she has notice sufficient "to excite attention and put the injured party on guard and call for inquiry." *Id.* at 510-11.

We recognize that an appellate court must strictly interpret statutes against prescription and in favor of an extinguished claim. *Patin*, 74 So.3d 1234.

10

However, we agree with Dr. Rice that Ms. Snavely's claim is prescribed on its face. Ms. Snavely's own admissions in the initial and amended/supplemental request to impanel a medical review panel show she was aware that Brian was a patient of Dr. Rice, Dr. Rice was familiar with Brian's medical history, and Dr. Rice was prescribing Brian narcotic medication for pain management. She knew that Brian's surgeon had suggested that Brian discontinue use of the medications before wrist surgery. Ms. Snavely was also aware that Brian told Dr. Rice on August 13, 2012, that he had been discharged from Acadia Vermillion Hospital and that he had a pending need for wrist surgery. Ms. Snavely was also aware that Dr. Rice prescribed Brian 6 30mg Oxycodone daily, 4 350mg Soma daily, and 3 Xanax daily on August 13, 2012. This was enough to excite Ms. Snavely's attention. *Campo*, 828 So.2d 502. We find that on August 18, 2012, Ms. Snavely had sufficient knowledge to put her on guard and alert her to the possibility that Brian was the victim of a tort.[3] Since Ms. Snavely did not file her initial request to convene a medical review panel until June 24, 2014, her claim is prescribed on its face.

Because the claim is prescribed on its face, the burden shifts to Ms. Snavely to demonstrate a timely filing. In this case, she has not and cannot meet this burden. We are cognizant of her contention that she had no reason to believe Dr. Rice had committed malpractice before receiving the expert's report in July or August 2013. However, a plaintiff need not be informed of possible malpractice by a medical expert or attorney before prescription begins to run. *Morgan v. Patwardhan*, 48, 626 (La.App. 2 Cir. 3/12/14) 137 So.3d 680. Ms. Snavely was in

_____

[3]We also note that the death certificate issued on August 23, 2012, lists the cause of Brian's death as poly drug toxicity, which should have further put Ms. Snavely on guard.

possession of the information that formed the basis of the expert's opinion—Dr. Rice's medical records for Brian—on June 17, 2013. Clearly, by that point, Ms. Snavely had enough information to put her on guard. *Campo*, 828 So.2d 502. Yet, she still did not file her request to convene a medical review panel until over a year later on June 24, 2014. Therefore, even using the date of receipt of Brian's medical records as the basis for prescription, Ms. Snavely's claim is prescribed. This court cannot find that the trial court was manifestly erroneous in granting Dr. Rice's exception of prescription.

## Issue 3

## Court's Duty to Provide Opportunity to Amend Complaint

Finally, Ms. Snavely asserts that if the trial court found that her allegations were insufficient to establish a date of discovery of July or August 2013, the trial judge should have given her an opportunity to amend her complaint to cure that defect. Ms. Snavely relies heavily on La.Code Civ.P. art. 934, which provides:

> "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed…the action, claim, demand, issue, or theory shall be dismissed."

However, a party "is required to point out to this court with a degree of sufficient certainty how the objection of prescription may be removed by amendment of the petition." *Malin v. Andrus Homes, Inc.*, 610 So.2d 223, 225 (La.App. 3 Cir. 1992) (citing *Kerr v. Jefferson Truck Lines*, 389 So.2d 729 (La.App. 4 Cir. 1980), *writ denied*, 396 So.2d 1351 (La.1981)). Nothing in the record indicates the existence

of any facts that would cure a prescribed claim.  Since Ms. Snavely has not shown how the grounds for Dr. Rice's exception of prescription could be removed by amendment of the complaint, Ms. Snavely's claim was properly dismissed.  The trial court did not error in refusing or failing to give Ms. Snavely an opportunity to amend her complaint.

IV.

## CONCLUSION

The judgment of the trial court is affirmed.  Costs of this appeal are assessed to the appellant, Linda Snavely.

**AFFIRMED.**